1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9   ALBERT E. PAPPIN, JR.,                     CASE NO. 1:05-CV-00022-REC-LJO-P

10                         Plaintiff,          ORDER DISMISSING COMPLAINT, WITH
                                               LEAVE TO AMEND
11         v.
                                               (Doc. 1)
12   JEANNE S. WOODFORD, et al.,

13                         Defendants.
     _____/
14

15   I.      Screening Order

16           A.      Screening Requirement

17           Plaintiff Albert E. Pappin, Jr. ("plaintiff") is a state prisoner proceeding pro se and in forma

18   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on January

19   5, 2005.

20           The court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

28   ///

1

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.    Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at the California Correctional Institution in Tehachapi, where plaintiff is presently incarcerated.   Plaintiff names California Department of Corrections Director Jeanne S. Woodford, Appeals Coordinator Suzan Whitlach, and Warden W. J. Sullivan as defendants.  Plaintiff is seeking money damages.

Plaintiff alleges that his attempts to secure a proportionality review of his criminal sentence via the inmate appeals process were thwarted when his appeals were repeatedly screened out by staff. Plaintiff alleges claims for relief for violation of the First Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and for conspiracy.

C.    Plaintiff's Section 1983 Claims

1.    Equal Protection and Due Process Claims Stemming from Failure to Provide Proportionality Review

Plaintiff is attempting, in part, to seek damages in this action for the alleged failure to prison officials to conduct a proportionality review of his sentence.  Plaintiff may not do so.  A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution.  28 U.S.C. § 2254(a).  While challenges to a state court's incarceration of a petitioner or the length of that incarceration are proper in a petition for writ of habeas corpus, challenges to the conditions of prison life are properly brought under 42 U.S.C. § 1983.  See McCarthy v. Bronson, 500 U.S. 136, 142, 111 S.Ct. 1737, 1741-1742 (1991); Preiser v. Rodriguez, 411 U.S. 475, 498-99

2

n.15, 93 S.Ct. 1827, 1840-1841 n.15 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Plaintiff's claim concerning the review of his sentence amounts to a challenge to his conviction and sentence, not to a challenge to his conditions of confinement. This claim is barred at this time. Plaintiff's sole avenue to challenge his conviction and/or sentence is via a petition for writ of habeas corpus.

2. Inmate Appeals Process and Screening of Appeals

Plaintiff alleges a claim for relief based on the screening out of his inmate appeals. Such a claim fails as a matter of law.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. Defendants' decisions to screen out plaintiff's appeals do not form a basis upon which to impose liability under section 1983 because plaintiff does not have a constitutionally protected right to a grievance procedure.

3

1   With respect to plaintiff's contention that the rejection of his appeals constitutes denial of

2   access to the courts, inmates have a fundamental constitutional right of access to the courts. <u>Lewis</u>

3   <u>v. Casey</u>, 518 U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a

4   grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions,

5   and civil rights actions.  <u>Id</u>. at 354.  An inmate claiming interference with or denial of access to the

6   courts must show that he suffered an actual injury. <u>Id</u>.

7   Plaintiff has alleged no facts that demonstrate that he has suffered any actual injury as a result

8   of the screening out of his appeals.  As set forth in subsection 1, to the extent that plaintiff is

9   contending his ability to challenge his conviction and sentence are being blocked, plaintiff must

10  bring his challenge to his sentence and conviction via a habeas petition.

11  3.   <u>Conspiracy</u>

12  In the context of conspiracy claims brought pursuant to section 1983, such a complaint must

13  "allege [some] facts to support the existence of a conspiracy among the defendants." <u>Buckey v.</u>

14  <u>County of Los Angeles</u>, 968 F.2d 791, 794 (9th Cir. 1992); <u>Karim-Panahi v. Los Angeles Police</u>

15  <u>Department</u>, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or

16  acted jointly in concert and that some overt act was done in furtherance of the conspiracy. <u>Sykes v.</u>

17  <u>State of California</u>, 497 F.2d 197, 200 (9th Cir. 1974).

18  Plaintiff has not alleged any facts supporting the existence of a conspiracy between

19  defendants.  Further, plaintiff has not alleged facts demonstrating that defendants violated his

20  constitutional rights.  In order to state a cognizable claim for relief for conspiracy, plaintiff must

21  establish that defendants conspired to violate an underlying constitutional right.

22  D.   <u>Conclusion</u>

23  The court finds that plaintiff's complaint does not contain any claims upon which relief may

24  be granted under section 1983.  The court will provide plaintiff with the opportunity to file an

25  amended complaint.  In his amended complaint, plaintiff shall omit the claims that are not cognizable

26  under section 1983 and, to the extent that plaintiff believes in good faith he has claims cognizable

27  under section 1983, plaintiff shall cure the deficiencies identified by the court in this order and

28  clarify the basis for his claims.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Further, supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;

2.      The Clerk's Office shall send plaintiff a civil rights complaint form;

3.   Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4.   If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   July 22, 2005**                              _____/s/ Lawrence J. O'Neill_____
b9ed48                                                  UNITED STATES MAGISTRATE JUDGE

6